United States District Court
Southern District of Texas
**ENTERED**
June 25, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-HE3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HE3, | § § § § § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-2017 |
| PRISCILLA ANN POSTON, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-HE3 Mortgage Pass-Through Certificates, Series 2007-3, ("Deutsche Bank") moved for summary judgment as to defendants Amrea Marie Poston, Lorena Ann Poston, and Tiki Sundeta Poston and for entry of a judgment allowing it to proceed with foreclosure of the property at issue. (Docket Entry No. 37). The motion is granted, for the reasons set out below.

**I.    Summary Judgment Evidence**

On September 29, 2006, Larry E. Poston executed an Adjustable Rate Note in the principal amount of $71,910.00 at an annual interest rate of 9.5500% and originally payable to Fremont Investment and Loan. Concurrently with the execution of the Note, Mr. Poston executed a Deed of Trust dated September 29, 2006, a loan agreement granting Freemont, its successors and assigns, a security interest in the real property and improvements at 16338 Clay Pigeon Court, Missouri City, Texas 77489.

The Security Instrument was duly recorded in the Official Public Records of Fort Bend County, Texas, on October 3, 2006. (Docket Entry No. 37-1 at 16–39).

The Security Instrument names Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary, acting solely as nominee for Fremont Investment & Loan. Subsequently, "MERS" acting as nominee for Fremont Investment & Loan, and its successors and assign, transferred and assigned the Loan to Deutsche Bank National Trust Company, as trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-HE3 Mortgage Pass-through Certificates, Series 2007-HE3. The Corporate Assignment of Deed of Trust was recorded in the Official Public Records of Fort Bend County, Texas, on August 24, 2022, as Instrument No. 2022110560. (*Id*. at 41).

Deutsche is the current owner and holder of the Note and beneficiary of the Security Instrument, as well as the mortgagee under Section 51.0001(4) of the Texas Property Code. (*Id*. at 4).

Mr. Poston defaulted on the payment starting in April 2022. (*Id.* at 46). On May 19, 2022, a Notice of Default was sent in accordance with the Loan Agreement and the Texas Property Code. (*Id*. at 45).

The default was not cured, and the maturity of the debt was accelerated on August 25, 2022, by a Notice of Acceleration of Loan Maturity. (*Id*. at 51).

As of February 29, 2024, the balance owed under the Loan Agreement was $92,962.53. Interest and other fees have continued to accrue. (*Id*. at 54).

## II.   The Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

### III. Analysis

In Texas, to foreclose under a security instrument with a power of sale, the plaintiff is required to show that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default; and (4) the borrower has been properly served with notice of default and acceleration. *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x. 306 (5th Cir. 2014).

The Note signed by Mr. Poston evidences the debt. (Docket Entry No. 37-1 at 8).

The lien securing the debt is evidenced by the Security Instrument executed by Mr. Poston granting Fremont Investment & Loan, and its successors and assigns, a lien on the Property. (*Id.* at 16).

The loan has been in default since April 1, 2022. A Notice of Default and Request to Cure was mailed to the Borrower in accordance with section 51.002(d) of the Texas Property Code on May 19, 2022. (*Id.* at 45–48). This Notice of Default advised of, among other things, the amount in default, the time period to cure the default, and that if the default was not cured that the balance of the debt would be accelerated. (*Id.*)

The default was not cured. A Notice of Acceleration of Loan Maturity was provided on August 25, 2022. (*Id.* at 51). Nothing was paid on the Loan Agreement after the acceleration.

Deutsche is the proper party to foreclose, as the holder or owner of a note secured by a security instrument. *See Campbell v. Mortg. Elec. Registration Sys.*, No. 03-11-00429-CV, 2012 Tex. App. LEXIS 4030, at *11 (Tex. App.—Austin May 18, 2012, pet. denied) (mem. op.).

Deutsche also qualifies as a "mortgagee," as that term is defined under Chapter 51 of the Texas Property Code. TEX. PROP. CODE § 51.0025. The Property Code specifically gives a mortgagee and its mortgage servicer the authority to exercise the power of sale through its authority to appoint a substitute trustee under Texas Property Code section 51.0075.

Deutsche is the last entity to which the Security Instrument was assigned of public record. (Docket Entry No. 37-1 at 41). Deutsch is authorized to conduct the foreclosure sale.

Deutsche is also entitled to attorney's fees under Chapter 37 because it seeks a declaratory judgment to enforce the power of sale in the Security Instrument through foreclosure of the Property. Deutsch is further entitled to attorney's fees under Chapter 38 because this is, in part, a suit for a claim listed in Texas Civil Practice and Remedies Code § 38.001. Deutsch is also entitled to attorney's fees under the terms of the Note and Security Instrument. (*Id*. at 10, 28).

Deutsche presented its claims for payment. When no payment was received, the loan was accelerated, and fees continued to accrue.

The Note bears interest at a yearly rate of 5.000%. (*Id*. at 9). The Note states that Deutsche will have the right to recover the costs and expenses enforcing the Note. (*Id*. at 10). Deutsche is entitled to collect the outstanding balance of the Note; prejudgment interest; post-judgment interest from the date of judgment until paid; and costs of court.

IV. Conclusion

The Motion for Final Summary Judgment filed by Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-HE3 Mortgage Pass-Through Certificates, Series 2007-3, (Docket Entry No. 37), is granted. The court orders as follows:

An event of default has occurred on the Adjustable Rate Note in the principal amount of $71,910.00, executed by Decedent Larry E. Poston ("Borrower") on or about September 29, 2006, originally payable to Fremont Investment and Loan ("Fremont").

The Deed of Trust ("Security Instrument") dated September 29, 2006, recorded in the official public records of Fort Bend County Texas, as Document No. 2006123713, and signed by Mr. Poston provides that Deutsche Bank is the current owner and holder of the Note and beneficiary of the Security Instrument.  In the event of default on the obligations, on the Note, Deutsche Bank has a first lien security interest on the real property known as 16338 Clay Pigeon Court, Missouri City, Texas 77489, and more particularly described as follows:

> LOT 30, BLOCK 14, QUAIL RUN, SECTION 2, A SUBDIVISION IN FORT BEND COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 22, PAGE 30, OF THE PLAT RECORDS OF FORT BEND COUNTY, TEXAS.  (The "Property").

Deutsche Bank is the current owner and holder of the Note specially endorsed and beneficiary of the Security Instrument.  Deutsche Bank is a mortgagee of the Loan Agreement, as defined by Texas Property Code § 51.001(4).

The following are secured by the Security Instrument on the Property:  the outstanding balance of the Note, which was at least $92,962.53 as of February 29, 2024, plus attorney's fees; prejudgment interest at the rate of 5.000%; post-judgment interest at the rate of 9.5500% per year; and costs of the court.

Due to default on the Note, Deutsche Bank, or its successors or assigns, may enforce its security interest against the Property through non-judicial foreclosure of the Property as provided in the Security Instrument and section 51.002 of the Texas Property Code.

The purchaser at the foreclosure sale authorized by this order will be vested with full ownership of the Property, including all interest held by defendants.

Deutsche Bank may communicate with the defendants and third parties as reasonably necessary to conduct the foreclosure sale.

Foreclosure notices may be mailed to the subject property at 16338 Clay Pigeon Court, Missouri City, Texas 77489. Deutsche Bank is awarded attorney's fees and costs *in rem*, not as a personal obligation, to be collected through the foreclosure of the Property. The amount of attorneys' fees is to be determined by subsequent motion practice.

This is a final judgment.

SIGNED on June 25, 2024, at Houston, Texas.

                                                Lee H. Rosenthal
                                       United States District Judge